Morning, may I have your attention please, please call the first case in today's statute. Counsel please approach. Please introduce yourselves and approximately how much time you wish to take for argument. Michael Ornstein, State Appellate Defender, representing Defendant Appellate Joseph Griffin. And request maybe you reserve five minutes for rebuttal. Assistant State's Attorney Gina DeVito on behalf of the people. And a regular 15 minutes. Okay, thank you. May it please the court, counsel. There are two issues here. One is an issue of practical dispute and the other is perhaps a theoretical dispute. The only issue, as a practical matter, the only issue in the state of disputes is a $190 clerk assessment. The state argues that this issue lacks merit. But we argue that it does have merit under our 2013 Smith case. Before we get to the merits, how about jurisdiction? Can we hear this appeal considering that the focus, the basis for the appeal, was not a matter of discussion? Yes, you can. Why? Well, first of all, in regress, the state has conceded the issue and is acting very inconsistent with the judgment. Well, not entirely. The state is contesting some of the relief you seek. So is it partial revestment? Total revestment? Revestment would go as to an issue, yes. The revestment would go as to the $5 traffic fee. It would not go toward the $190. Clerk assessment. Clerk assessment, that is correct. But on that level, the second $190 is a credit issue. And under Caballero, as long as you have jurisdiction to do something, you can reach that issue at any time. So you're saying that it's kind of bootstrapped because we have jurisdiction as a result of their conceding? Well, you have jurisdiction over the appeal because it was a legitimate motion. It was a motion to correct the minimus. And there's an appeal from that. So the trial court, the defendant comes in in the trial court. Right. And says you calculated the wrong custody date. Please correct my minimus. Right. Trial court says, no, I didn't make a mistake. Right. When the trial court says, no, I didn't make a mistake, what is the judgment of the trial court? The judgment of the trial court is that the motion is denied. Judgment of the trial court is the one that refuses to correct. Isn't it? Yeah. Their opinion of judgment is appealing in order, just like if you didn't. Okay. That's what we're getting at here. Yeah. You have an order. Right. You have an order, which itself is not a judgment because the judgment is the one that was entered more than 30 days earlier. The order says, I corrected the correct, I calculated the correct custody date. Right. The motion is denied. Right. What's the issue on appeal? Well, the issue on appeal is not that. Whether the trial court calculated the correct custody date. Right. Right. But that would be an issue of forfeiture, not an issue of jurisdiction. But I guess what I'm asking is when the only issue that was implicated by the motion to correct the minimus is not raised on appeal. Right. How is it we get these other issues that all of a sudden we have jurisdiction over? I'm lost. You have jurisdiction when the notice on appeal is filed. If an issue is not, if I'm raising a new issue, then that's a matter of waiver. That's called a post-conviction petition. If someone raises a post-conviction petition, there was one issue, and we don't like that issue, we raise a completely different issue. Under People v. Jones, that issue is considered forfeited. It's not an issue of jurisdiction. And the same is true here. We're raising a completely new issue, and there may or may not be forfeiture issues, but it is not a jurisdictional issue. So tell me, give me any other context in which a reviewing court routinely says, because this issue comes up at the end of virtually every criminal appeal. Right. Give me another context in which the reviewing court says, raise whatever you want. I can't give you another one, but there is no other statute like the, I forget the number of statutes, but the Caballero statute, which says that you can raise this at any time. And there have been a number of cases saying you can raise it at any time, including on appeal. Did the defendant in Caballero contest the merits of the ruling on his post-conviction petition? I don't remember. I'm not sure. The answer is no. I think he did. The answer is yes. Okay. The answer is against me. Yes, all right. Well, that is true, but the language of Caballero is very clear. You can raise it at any time. And, again, I go back to Jones. If you raise a new issue in post-conviction from anything, it is not an issue of jurisdiction. If there's a file of notice of appeal, that creates jurisdiction in this court. Why not just go back to the trial? It would have taken a lot less time and a lot less effort with regard to these fine issues if you had just gone back to the trial court. Well, why go on with an appeal of an issue that really wasn't part of the appeal initially? Well, I would say if my client was represented by somebody, that might be something I would have done. When we approach state clients, we generally don't assume that they will or won't do anything. So we advocate their interest, basically, regardless of what they might or might not do, because we can't count on what they might or might not do. Let me ask you. Let's assume the state appellate defender, as it often does, recognizes that, oh my gosh, there are incorrect fines, incorrect fees, incorrect calculation of the per diem credit. Right. Does the office have any policy to contact the state's attorney to discuss this in advance of filing its brief on appeal? I don't believe. I mean, in some cases we do. I don't think there's a policy to do it in all cases. I'm guessing not. Do you think maybe you should have a policy? The policy is if – I think I'd say that the policy is if the state has ever disputed it before, we're not going to go to negotiations. If we think the state will agree, we will send an alert, a proposed agreed order. I think that's better than just – I've never seen an agreed order in any of these appeals, even though the state comes in and says we don't object. We still have to include the discussion in whatever order we issue on the case. Well, maybe our policy should change, but I don't think that affects jurisdiction is the best answer I can give you. So aside from jurisdiction, going back to the substance of the $190 clerk assessment, under grades the charge is a fee if and only if it serves to reimburse the state for the cost incurred in defendant's prosecution. Under the Smith case we cite, the clerk charge is no such thing. It's a general charge for the expenses of the court system here at the federal court. So as a Smith – also as a Smith has finally graduated with a felony costing more than a misdemeanor. So our position in this case is the allegiance to Smith and the $190 assessment is a fine and they should get credit. As a fee, there might be another dispute. There's the $5 vehicle code and the parties agree that the fee isn't proper and they agree that it comes from a final appealable order. The state also agrees with us that there are no procedural barriers if only due to investment. And we've talked a little bit about the jurisdiction. I would also say there's no forfeiture problem because the state can certainly forfeit forfeiture as they have here. Okay, let me ask you. I seem to recall for years and years that in advancing fines and fees arguments, the state appellate defender would rely either on the void judgment rule or the second prong of plain error. That is true. Or both. That is true. And in your brief in this case, neither one of those plays any factor, right? Right. The second prong of plain error would not apply because it is not a direct appeal as I understand it. Okay. So all of those now are just by the wayside. Voidness is by the wayside. That is true. Now I would certainly argue that as to fees, something similar is not by the wayside because a fee is not part of the judgment. A fee is something that can be calculated by a clerk. Is there any statutory authority, like there is for fines, that allows a defendant to challenge fees at any time? No, but there is prehonored case law saying that fees are ministerial and can be signed by a clerk and are not part of the judgment. And because they are not part of the judgment, we argue that it is analogous to the correction of a minimus, which can be done at any time. It is not part of the judgment. It is something to enforce the judgment of the judge or the opposite. So it can be done at any time? Yes. Or any time it can be corrected, certainly. So, but rather than come before us, hypothetically, if we ruled against you on jurisdiction, what is the practical effect on the defendant in that situation? Would you go back to his trial counsel and have them do something? Or would you do something on behalf of your client? As a trial clerk, it is a ministerial situation. As a practical matter, I don't. If the trial counsel is a public defender, I don't know if there would be initially any reactions. I don't think I have ever seen an independent request for fees or correction of a minimum generated by the public defender. If it was private counsel, we could certainly do that. It would be a matter of if private counsel is still represented and is there money attached. I guess where we come from, to a certain extent, is we push as hard as we can with what we have because we don't know what will happen afterwards. And that may or may not be a good answer. It is the only answer I have for it. I am trying to look at the practicality. I am, too. So what you're saying is that from your point of view, the most efficient way of handling the situation would just plow ahead with the appeal and let us handle it. I would say the most predictable way, not necessarily the most efficient way. But we kind of need to resolve the issue one way or the other. If we count on people of 26 years to count on the client him or herself, we have no confidence as to what will happen if it comes to you. That's why you have so much more confidence. So we may get a yes or a no, but we will get something. We'll get a yes or no from the trial court. Someone has to file. We cannot appear in the trial court by statute. So if, by chance, we said we're not the court of first resort on fines and fees, the trial court is, wouldn't that require the public defender to do something? Yeah, there's a good question. The public defender might say we're not appointed until we're appointed. I mean, they might say, you know, there's nothing before the court. It would be the defendant's burden to do what both say. I'm not talking about doing something in terms of undertaking the representation of a client as a new matter. I'm talking about taking the time it would take, and it can't be more than a minute, to look at the judgment order the court has entered and say, you know what, judge? Here's a traffic fee here in a homicide case. Would you take that off, please? So it would get resolved before it ever got to us. That would be a good thing, and I think there's some public defendants that do that very well, I think, as a practical matter, as you all are focusing on. You know, trial lawyers focus on the facts and the verdict, and to a lesser degree, the sentence, and they are done. I mean, you've seen, you all have seen, as much as we have, post-trial motion after post-trial motion after post-trial motion, talking about that there's no reasonable hypothesis of innocence, and the defendant was proven guilty on a reasonable doubt, all the things that you don't have to put in the post-trial motion because these are not things that get forfeited, and you don't see the objections as such. A lot of public defendants, the trials over there are done, and so that would be a good idea. I'm not sure it is a practical idea. That would be my answer. Well, it would seem to me that as professionals and as the state's attorney, as the representative of the state, if they agree that a finder fee is inappropriate on a people, why wouldn't it be practical for the state's attorney to prepare an agreed order signed by them? Well, in order, prepared by the state's attorney, submit it to the trial court and say, correct the minimus. That could be something appropriate, and it would also be appropriate perhaps for us to do that more often to set up a more agreed order before we do anything else. I understand that I'm not in a policymaking role, but that is certainly something we could do. Well, but it's a functional, practical thing. The state's attorney is in court all the time, whether it's in the appellate division or the criminal courts or wherever. They can just prepare a motion, send it to the presiding judge of the criminal courts, and have it entered, correct the minimus in this case. You mean right after the trial is over? Whenever it's done. On appeal, you could agree. Call up the state's attorney. Do you agree that this finder fee is inappropriate? It's a traffic fine in a murder case. Yes. Prepare an order, a stipulated order. Correct this minimus. Take off this $15 fee. I can certainly imagine doing more of that, and I can certainly take that back to a deputy defender, and that's the best answer I can give you. I mean, just seeing a lot of effort is put in by both sides. Right. On a matter that usually comes out pretty much uncontested. Right. And does that make the most sense for purposes of your time, the state's attorney's time, and our time? And is there a better way in these specific situations where the matter before us was not the issue that was initially presented to the trial? Yeah, there may be, and I can bring that back, and I'm sure there will be some discussion based on what you've told us, and there may very well be. So unless there are any other questions, I ask that you give credit to the $190 fee and reverse the $5 charge. Thank you. Thank you. Thank you. Okay, you know what we're going to ask, Ms. DeVito? I do know what you're going to ask. May it please the court, Assistant State's Attorney Gina DeVito, on behalf of the people of the state of Illinois. In regard to the jurisdictional questions that were posed by the court in their supplemental order, requesting supplemental briefing, in answer to the first question posed, the trial court does have jurisdiction to consider a motion to correct the minimus based on pre-sentence credit because it is a ministerial act that can be addressed at any time and any place. So when it was addressed here, where was the phone call from your office to the state appellate's offender to say, you know what, let's take care of this, let's get rid of this issue? Regarding the $5 fee pre-sentence detention credit, Your Honor, I do not know why the state's attorney did not agree that he was entitled to that credit. No, I'm just saying that the way these cases work themselves through appeal is, as Mr. Orenstein has noted, the state appellate's offender, when they're preparing their brief and they go over the record and they say, oh, look, here are all these fines and fees that are erroneous, the state's attorney gets the brief, and instead of picking up the phone and calling the state appellate's offender and saying, let's go together to the trial court to correct what we can correct, and then we'll deal with the rest, we get a brief from the state's attorney saying, okay, we agree to this, we don't agree to that. And again, we spend a lot of time and ink going over these issues again and again because we're the court of first resort. And it is a valid policy question, Your Honor. However, just based on what I personally encounter with these cases, we can't address them piecemeal. They add additional issues to each brief that is filed before us. So it's hard for us to separate what they're addressing in the court. And, for example, here, I mean, there are issues on these fees and fines that are not simple ministerial acts that we couldn't simply just agree to. And so how do we have jurisdiction to even address those merits? Does the trial court have jurisdiction to address them? Yes, the trial court had jurisdiction because they were a simple ministerial act, just the $5 fee and fine. But that wasn't the motion that was presented. The motion that was presented was you miscalculated my custody date. You miscalculated the $5 credit for my custody, is my understanding. I don't think so. On a pre-sentencing credit. I don't think so. He wanted more time. He wanted more credit for time served. He wasn't talking about the $5 fine. He said, I want 5 or 10 more days credit. For $5 per day pre-sentence custody. No, against his sentence. That's my understanding of the motion he presented. And perhaps that's where we're missing each other. My understanding of the motion was a motion to correct the minimus, simply based straight on 110-14, which is only credit for incarceration on bailable offenses, which he would receive $5 per day in pre-sentence custody. And that is what he was asking for for, I believe it was simply two months period of time. And that, those fees then are applied to the other fees and fines that he was assessed. So, is it your understanding that he was saying, hypothetically, my minimus says I get credit for 20 days of pre-incarceration time. Correct. I should get 30 days. Correct. Hypothetically. Hypothetically. Hypothetically. Yes. Whether it's 20 days or 30 days, it's only $5 a day. Correct. So, he wasn't saying, you didn't give me $5 a day. He was saying, you didn't give me the correct number of days. Correct. Correct. If that's what you were speaking to. Sorry, Judge Mason. So, is that something the trial court had jurisdiction over? Yes. 20 days or 30 days? Yes, because it is a simple ministerial act to simply decide that. And it can be addressed at any time and any place. Now, if the trial court said, no, I did it correctly. You don't get 30 days, you get 20. Can the defendant then appeal that ruling? Yes, because that is a final and appealable order, Your Honor. And what's the issue on appeal? The issue on appeal, whether the trial court correctly calculated the credit. Correct. That's all the court had jurisdiction to do. That is correct. So, how do we get to other issues on appeal? Here, we only can address, this court can address only the $5 credit per day pre-sentencing credit. Because Caballero holds that a collateral attack for statutory monetary credit may be considered as an application of the defendant and may be raised at any time at any stage of the court proceedings, including the first time on appeal, even if it was not raised below. But, Caballero only talks about that pre-sentencing credit. And it does not include allowance for any and all fee-fine challenges to be raised at any time. So, here a defendant cannot raise the claims that he did raise in this court. However, as we have discussed previously, the state conceded to all of the new fee-fine claims made on appeal. And thus, this court has authority to address those claims. So, in the state's view then, it's a case-by-case basis. The state can decide to regress or not. And it's entirely up to the state as to whether we can address issues on appeal. I would not state it that way because you are granted the jurisdiction from the final and appealable order. But, in terms of our concession, yes. In terms of these fees and grants. Well, regressment cannot occur unless the state concedes. That's correct. So, again, it's entirely up to the state the scope of our review. And it strikes me as odd. And it is a point well taken that I will address with my supervisors. I do know, Your Honor, that we have something in place. I believe it's called our summary remand procedure where my office mate was doing this and the State Appellate Defender calls us just on fine fee issues that we agree to and we do send them back for correction. So, there is something in place for that. I think the issue is that the State Appellate Defender often is attaching other issues. Like here, he's bringing up two issues saying that they're incorrectly applied, which aren't ministerial acts. And obviously, because we've conceded, nothing in the void sentencing rule affects the pre-sentencing credit because Caballero treated the pre-sentencing credit as a simple ministerial act. So, that issue can be addressed here. And as to the $190 fee, it should not be considered. Because defendant did not make the request in the trial court and it is now beyond what was asked for there. And the imposition of the fine was not a void judgment under Castleberry and Price. So, the argument about expediency in the interest of justice, again, only applies when the State agrees. The bottom line is the State controls what's expedient and what's in the interest of justice. It could be termed that way, I suppose. I mean, the State definitely has to review these issues on a case-by-case basis because they do come up piecemeal and there are different issues that are addressed in each brief that are different. Hearing our concerns, can you think of any other way to make this more efficient, less costly, less time-consuming for all of us? I mean, this is a joint effort because it takes all of our time and it's all ministerial in one way or another. So, do you have any other ideas that you might... Your Honor, I personally don't. I do not make policy. I'm not asking you to, Your Honor. Yeah, and I will be addressing this with my supervisors who will then bring it to the State's attorney because it is something that obviously is going to be coming up in the wake of Castleberry and Price. So, would I ask you both, when you talk to your supervisors, to suggest that they speak to one another? Right. That they speak to each other. When you talk to your supervisors, ask them to speak to each other about this, please. Your Honor, are both sides aware, I would imagine the State of California Federalism, is the State aware of how these fines and fees are collected in the penitentiary? The person who's in charge of the fees and fines in our office, who does a lot of them, I know she goes to all the meetings and knows all the answers to those questions. I think if everybody was aware of how this is done, they would see the frustration of the defendants and the courts and the justices as to what we're talking about collecting a $5 fee out of a $0.45 an hour, $0.10 an hour job in the Department of Corrections. Is this what we're all spending our time thinking about, arguing about, writing about when there's bigger fish to fry? And it is statutory, Your Honor, and we've had the same frustrations. Well, then when you're talking to your supervisors, perhaps bring in your legislative liaisons so that they can go down to Springfield and advise the legislature and their busy schedule, as this is what we're all doing up here on these things that really don't make much sense. And why is legislation pending? I believe so. To simplify fines and fees. Yes. Whether it will improve our ability is another issue. But this issue won't go away because this has to do with ministerial errors. Exactly. For these reasons and those stated in our brief, we ask this court to correct defendants' fees and fines and that the court rejects defendants' request for the $190 fee. Thank you very much. Thank you. Two points, Your Honor. First, Justice Peterson, in answering the question about how these things are collected, my answer is they are not collected out of prison wages or $10 a month or $18 or whatever it is the inmates get. They're collected primarily in two situations. One, probation. There are included fees of probation and their condition of probation. And the other is, I think, driver's licenses. They have that computerized. You can't get your driver's license or your ID unless your fines and fees are paid up. So that's the first thing. The other thing as far as jurisdiction, because you mentioned jurisdiction at the end of the state, I would just say in terms of Caballero, not only do we rely on the language, but Caballero is actually on point. Because in Caballero, the client or the defendant filed a post-conviction petition that did not include fines and fees. And logically, because of the timing, this notice of appeal would not have mentioned fines and fees. And the Supreme Court still addressed this. So under Caballero, I think you do have jurisdiction to consider the issue. And that is my rebuttal. Unless there are any questions. Thank you. Thank you. We'll take this under advisement. And as you know, there's a new panel we'll assemble. Kind of like grandpa. We'll go over this again. So we're in recess.